## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RONALD BAJUSCAK,
    Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
DA-1221-15-0552-W-1

DATE: April 29, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Ronald Bajuscak</u>, Mesa, Arizona, pro se.

<u>Chau Phan</u>, Oklahoma City, Oklahoma, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 In June 2011, the agency appointed the appellant to a dentist position. *Bajuscak v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-15-0552-W-1, Initial Appeal File (0552 IAF), Tab 10 at 87-88. Although the Standard Form 50 (SF-50) documenting his appointment initially indicated that he had completed his initial probationary period, *id.*, it was subsequently corrected to indicate that the appointment was subject to a 2-year probationary period, *id.* at 86. In November 2011, the appellant filed an Office of Special Counsel (OSC) complaint in which he alleged that his supervisor: (1) issued him an unsatisfactory performance appraisal thus causing him to be the subject of a hospital board review, which led to his reassignment because he refused to have a sexual relationship with her; and (2) retaliated against him for filing an equal employment opportunity (EEO) complaint. 0552 IAF, Tab 18 at 13, 27. OSC informed the appellant that his allegations were more appropriately resolved through the EEO process. *Id.* at 27.

¶3 The appellant was terminated in January 2012. 0552 IAF, Tab 9 at 15-16. In February 2012, he filed an IRA appeal regarding the termination. In April 2012, the administrative judge dismissed the appeal for lack of jurisdiction because she found that the appellant failed to exhaust his administrative remedies with OSC. *Bajuscak v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-12-0215-W-1 (0215 Appeal), Initial Decision at 7 (Apr. 10, 2012). Specifically, she found that, although the appellant made disclosures to the agency's Office of Inspector General, he did not file a request for corrective action concerning either the disclosures or his termination. *Id.* at 6-7. The record does not reflect when the appellant filed a complaint with OSC regarding the termination. However, OSC's preliminary close-out letter from June 2012

reflects that he filed an OSC complaint alleging that his supervisor retaliated against him by, inter alia, changing his SF-50 to reflect that he was a probationary employee and terminating him from his position. 0552 IAF, Tab 18 at 44, 50. In July 2012, OSC informed the appellant that it decided to close out its inquiry. *Id*. at 45-46. OSC also informed the appellant that he had the right to file an IRA appeal within 65 days of the issuance of the close-out letter. *Id*. However, he did not file a Board appeal in that time frame.

¶4      More than 2 years after OSC issued its July 2012 close-out letter, the appellant filed another OSC complaint in which he alleged that the agency both improperly required him to serve a new probationary period and terminated him in retaliation for whistleblowing. 0552 IAF, Tab 18 at 47-48. On April 30, 2015, OSC informed the appellant that it was closing its inquiry into his complaint because his allegations and documents already were considered in a prior OSC complaint and he did not provide new information to indicate that the prior decision was made in error. *Id*. OSC also informed the appellant that he had 65 days from the issuance of the close-out letter to file an IRA appeal. *Id*. at 47‑49.

¶5      The appellant filed the instant IRA appeal on August 18, 2015. 0552 IAF, Tab 1. The administrative judge ordered the appellant to file a statement, accompanied by evidence, establishing that he exhausted his administrative remedies before OSC and making nonfrivolous allegations that he engaged in whistleblower activity that was a contributing factor in the agency's decision to take or fail to take a personnel action. 0552 IAF, Tab 3. The administrative judge later issued an order informing the appellant that it appeared that he filed his appeal 45 days late and that the Board might dismiss the appeal as untimely filed without addressing the merits of the case. 0552 IAF, Tab 11. She ordered him to file evidence and argument showing that he filed on time. *Id*. The appellant responded that he attempted to file his appeal numerous times in June through August 2015, but that he experienced technical problems with the

Board's electronic filing system (e-Appeal Online). 0552 IAF, Tab 13 at 3. The administrative judge found that the filing deadline should be equitably tolled because of the appellant's repeated attempts to timely file his appeal and the technical issues with e-Appeal Online. 0552 IAF, Tab 17.

¶6      The administrative judge ordered the appellant to respond to her previous order to submit evidence and argument regarding the issue of Board jurisdiction. *Id*. In response, the appellant submitted documents, including, inter alia, OSC's letters from June and July 2012 regarding his complaint. 0552 IAF, Tab 18 at 44‑46, 50, 59. The administrative judge then issued an order to show cause why the appeal should not be dismissed as it appeared that the appeal was untimely filed because the appellant was trying to reopen the investigation that OSC closed in 2012. 0552 IAF, Tab 21. She ordered the appellant to show why his IRA appeal should not be dismissed as untimely, including, if he asserted that his complaint raised new disclosures or new personnel actions that were not previously at issue, providing evidence supporting such statements. *Id*. The appellant responded to the order, but did not address the timeliness of his appeal or whether he raised new disclosures or personnel actions. 0552 IAF, Tabs 22, 24. He also submitted a newspaper article regarding another agency employee that was unrelated to him or to his appeal. 0552 IAF, Tab 22 at 5-6.

¶7      The administrative judge issued an initial decision dismissing the IRA appeal as untimely filed. 0552 IAF, Tab 25, Initial Decision. Specifically, she found that the appellant's 2015 OSC complaint involved the same allegations he raised in 2012 and that he did not submit evidence that would justify equitable tolling from 2012 until April 30, 2015, the date of OSC's second close-out letter. *Id.* at 6-7. The appellant has filed a timely petition for review in which he asserts his disagreement with the initial decision and states that the Board is ignoring

new evidence about the agency's actions as reflected in the newspaper article.[2] Petition for Review (PFR) File, Tab 1, Tab 2 at 9. He generally also challenges the actions of the agency, OSC, the Board and the Equal Employment Opportunity Commission. PFR File, Tab 2 at 9. The agency has responded in opposition to the appellant's petition. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8        Under 5 U.S.C. § 1214(a)(3)(A), an appellant may file an IRA appeal with the Board once OSC closes its investigation into his complaint and no more than 60 days have elapsed since notification of the closure was provided to him. *See Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 6 (2014). Under the Board's regulations at 5 C.F.R. § 1209.5(a)(1) implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt. *See Heimberger*, 121 M.S.P.R. 10, ¶ 6.

¶9        In finding that the appellant's IRA appeal was untimely filed, the administrative judge relied on *Heimberger* to determine that the statutory deadline began to run from the date of OSC's July 23, 2012 close-out letter. ID at 4, 6. We find *Heimberger* distinguishable from the circumstances in this case. In *Heimberger*, after the statutory period for filing an IRA appeal had passed, the appellant filed a request to reopen with OSC, OSC denied her request, and the appellant filed an IRA appeal with the Board arguing that she filed a timely appeal because timeliness should be calculated from the date of OSC's denial of

---

[2] In support of his petition, the appellant attaches an article that he asserts describes an abandoned and mistreated patient who was the subject of his reports to the agency. Petition for Review (PFR) File, Tab 2 at 4-9. We do not consider this evidence because the appellant has not shown that it was not previously available despite his due diligence. *See* 5 C.F.R. § 1201.115(d). The appellant also has submitted an untimely reply to the agency's response, which generally challenges the initial decision. PFR File, Tab 6. We also do not consider this pleading. *See* 5 C.F.R. § 1201.114(e).

her request to reopen. *Heimberger*, 121 M.S.P.R. 10, ¶¶ 3-4. The Board disagreed and found that the appellant's IRA appeal was untimely filed. *Id.*, ¶ 8. The Board reasoned that, because the denial of a request to reopen generally does not restart the statutory period to file an IRA appeal, the timeliness of the appeal was properly assessed from the date of OSC's close-out letter, not the date of OSC's denial of her request to reopen. *Id.*, ¶ 9.

¶10   Unlike *Heimberger*, which involved OSC's denial of the appellant's request to reopen, in this case OSC accepted the appellant's new complaint, resumed its investigation under a new case number, and issued a new close-out letter that provided the appellant with Board appeal rights. 0552 IAF, Tab 18 at 47-49. The Board has held, under similar circumstances, that OSC's reopening of an appellant's complaint after it already had issued a close-out letter in the matter creates a new statutory filing period, providing the appellant the right to file an IRA appeal either within 65 days after OSC issued its new close-out letter or, in the absence of a final OSC determination, at any time following 120 days from having sought further corrective action. *Kalus v. Department of the Army*, 123 M.S.P.R. 226, ¶ 9 (2016); *Morrison v. Department of the Army*, 77 M.S.P.R. 655, 656–57, 661 (1998) (reviewing and applying the legislative history of the Whistleblower Protection Act). Thus, under the circumstances in this case, the statutory deadline for filing an IRA appeal began to run from OSC's April 30, 2015 close-out letter. Here, however, the appellant did not file his appeal within 65 days of OSC's new close-out letter.

¶11   The Board cannot waive the statutory time limit for filing an IRA appeal for good cause shown, because there is no statutory mechanism for doing so. *Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 10, *aff'd*, 404 F App'x 466 (Fed. Cir. 2010). However, the Board may invoke the doctrine of equitable tolling to suspend the filing period for equitable reasons. *Heimberger*, 121 M.S.P.R. 10, ¶ 10. The Board only applies this remedy in unusual circumstances and generally requires a showing that the litigant has been

pursuing his rights diligently and some extraordinary circumstances stood in his way. *Id.* We find that the doctrine of equitable tolling is justified in this case because of the appellant's numerous attempts to file a Board appeal from June through August 2015, and his technical issues with e-Appeal Online. 0552 IAF, Tab 13 at 3. We therefore find the appellant has shown a sufficient basis to waive the filing deadline for his IRA appeal.

## ORDER

¶12 For the reasons discussed above, we vacate the initial decision and remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.